Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5722 | **DATE** | September 22, 2010 |
| **CASE TITLE** | Robert Lee Edwards v. Jeanine Walsh | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#4] is granted. However, the complaint is dismissed without prejudice to Plaintiff submitting an amended complaint. Plaintiff is given 30 days from the date of this order to submit an amended complaint. Plaintiff's failure to submit an amended complaint (plus a judge's copy and service copies) in accordance with this order will result in dismissal of this case without prejudice. The clerk shall send an amended complaint form to Plaintiff. The court denies without prejudice Plaintiff's motion for the appointment of counsel [#5].

■ [**For further details see text below.**]      Docketing to mail notices.

## STATEMENT

    Plaintiff, Robert Lee Edwards, formerly a federal prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He names Jeanine Walsh, a U.S. Probation Officer Supervisor, and he alleges that in May 2008, he informed his probation officer that he was no longer serving his sentence and that it was unlawful to confine his movement. His probation officer asked his supervisor, who answered "no."

    Plaintiff having demonstrated that he is unable to pay the filing fee, the Court grants his motion for leave to proceed *in forma pauperis*.

    Although Plaintiff may proceed *in forma pauperis*, his complaint cannot proceed forward as currently drafted. *See* 28 U.S.C. § 1915(e)(2)(b). Plaintiff's alleges that his "confinement was over" such that his "freedom of movement" should not have been restricted. It is unclear from this allegation what Plaintiff claim is, i.e., whether his probation conditions were too restrictive or whether he was kept on probation after his probation term ended. Also, he names Jeanine Walsh as the Defendant, but does not mention her in the body of his complaint, and it is unclear what role she played. Although a plaintiff need not provide extensive details about his claim, *see* FED. R. CIV. P. 8(a), he must provide sufficient information to place the defendant on notice of what the claim is and the grounds upon which it rests so that the defendant can respond. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). If Plaintiff seeks to allege that he was kept on probation beyond the date it expired or that his probation terms were too restrictive, he should state so and state how Walsh was involved.

    Additionally, federal inmate records indicate that Plaintiff was incarcerated in Indiana. Although Plaintiff currently resides in Illinois, his suit may need to be filed in Indiana if Walsh resides in Indiana and Plaintiff's claims arose there.
**(CONTINUED)**

    isk

| STATEMENT (continued) |
|---|

      Accordingly, the complaint is dismissed without prejudice to Plaintiff submitting an amended complaint. If Plaintiff wants to proceed with this case, he must submit an amended complaint, plus a judge's copy and a service copy for each Defendant. The clerk shall forward an amended complaint form to Plaintiff. Plaintiff should write the case number and the judge's name on the amended complaint form. Plaintiff is advised that the court will not refer to prior complaints to determine Plaintiff's claims or the Defendants to this action; accordingly, an amended complaint supersedes a previously filed complaint and must stand complete on its own. Plaintiff should include all of the claims he seeks to raise in this action and name all of the Defendants he seeks to sue in this suit in the amended complaint. Plaintiff is given 30 days to comply with this order. His failure to do so will result in dismissal of this case without prejudice.

      Plaintiff's motion for the appointment of counsel is denied without prejudice. Plaintiff does not indicate that he sought to obtain counsel or that he was prevented from doing so. Furthermore, the case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff's current pleadings indicate that he may proceed with his case at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice at this time. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).