# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5722 | **DATE** | 1/18/2012 |
| **CASE TITLE** | Robert Lee Edwards vs. Michael Pentangelo, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Defendants' renewed motion to dismiss [29] is granted and this case is dismissed.

■[ For further details see text below.]   Docketing to mail notices. Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Robert Edwards, a former federal prisoner, brings this one-count *Bivens* action against Defendants Michael Pentangelo and Jeanne Walsh, two U.S. Probation officers. Edwards alleges that Pentangelo and Walsh restricted his liberty improperly, which in turn violated his due process rights, while Edwards was staying at a Salvation Army residential re-entry facility as part of his supervised release. For the reasons set forth below, Plaintiff has failed to state a claim upon which relief may be granted and his case will be dismissed.

**I.   Background**

Edwards was originally sentenced by Judge Elaine Bucklo on November 26, 1996, after pleading guilty to violating 18 U.S.C. § 930 (Count I) and 18 U.S.C. § 111 (Count II). At that time, Edwards received a five-year prison term on Count I and a ten-year prison term on Count II, to run consecutively. Edwards also was sentenced to three years of supervised release on Count I and three years of supervised release on Count II, to run consecutively and to be completed upon his release from imprisonment.

Because of good behavior, Edwards was scheduled to complete his prison term on May 23, 2008. On May 15, 2008, a recommended modification to Edwards' supervised release and an accompanying waiver by Edwards were filed in his criminal case. The recommended modification, which was entered by the court that same day, required Edwards to participate in mental health treatment and a drug aftercare program as part of his supervised release. The modification also specified that as a condition of his supervised release, Edwards "shall reside" at a Salvation Army residential re-entry center for a period of time not to exceed 120 days. The accompanying waiver by Edwards that was filed with the recommended modification described the proposed conditions of the modification and advised Edwards that he was entitled to a hearing and assistance of counsel before any unfavorable changes could be made to his supervised release. Edwards signed the waiver and thereby agreed to the modified conditions that were entered by the court.

**STATEMENT**

In the present civil lawsuit, Edwards alleges that he arrived at the Salvation Army facility on May 23, 2008, and that during his stay there, he and the other residents of the facility were restricted in their ability to come and go freely. According to Edwards, most of the other residents were, unlike him, still serving out their prison sentences on a pre-release basis. Edwards alleges that Pentangelo did not tell him that his ability to come and go from the facility would be restricted. Edwards contends that he should have been exempt from restrictions on his movements and requested as much from both Paul Hall, his Salvation Army supervisor, and Defendant Pentangelo, his U.S. Probation officer. When Hall responded to this request, he provided Edwards with a handwritten note stating that he did not have the legal authority to grant Edwards the freedom to come and go as he wished, that the U.S. Probation Office had authority over Edwards' movements, and that Edwards must seek a remedy from his U.S. Probation officer. When Pentangelo responded to Edwards' request, he provided Edwards with a typed letter stating as follows:

> In reference to your request that you be permitted unfettered authorization to leave the Salvation Army on your own volition and without conformance to the program rules/procedures adopted by the Salvation Army, please be advised that I have consulted with my supervisor and we have agreed that you will not be granted such permission. As we previously discussed, the undersigned officer is willing to permit blocks of time for authorized leave on any given day to facilitate your endeavor to secure a suitable residence and to go about your general business.

Edwards' contends that the modification order failed to contain a provision stating that his movements were to be restricted in any manner nor did it include any language stating that the Probation Department had authority to impose restrictions on Edwards' ability to come and go from the Salvation Army facility. Thus, Edwards alleges that his due process rights were violated.

**II.     Analysis**

Defendants first contend that Plaintiff's claim is barred by Judge Bucklo's modification order requiring Plaintiff to reside at a Salvation Army residential re-entry center for a period of time not to exceed 120 days. Plaintiff maintains that because the modification order contained no provisions requiring him to remain at the Salvation Army during certain hours and no provisions granting the U.S. Probation Office authority over his movements, his action is not barred by Judge Bucklo's order. While it is true that the court's modification order did not expressly address the issue of Edwards' movement, this does not mean that the order can be plausibly construed to exempt Edwards from the standard restrictions on movement that applied to other residents at the facility. If Plaintiff's position were correct, then the Salvation Army facility would be barred from applying any rule or policy to Edwards in the absence of a court order expressly addressing the specific subject matter at hand and specifying what actions could or could not be taken. Rather, the plausible construction of the order is that it required Edwards to reside at the Salvation Army facility and to comply with the standard rules of the facility absent an approved exception to those rules.

Edwards also contends that this action is not barred by the modification order because Defendant Pentangelo allegedly failed to provide Edwards with an adequate explanation of the conditions at the reentry facility before the court entered the modification order. However, the waiver that Edwards signed advised him that he was entitled to a hearing and assistance of counsel before any unfavorable changes could be made to his supervised release. By signing this waiver, Edwards waived his right to a hearing and assistance of counsel and also agreed to the modified conditions that were entered by the court. On its face, Edwards' complaint simply does not state a plausible claim against the probation officers.

Defendants also contend that the lawsuit is precluded by the *Heck* doctrine because Plaintiff's claim that he

**STATEMENT**

should have been exempt from any restrictions on his movements — and therefore free to come and go from the Salvation Army facility as he wished — necessarily implies the invalidity of the court's modification order. The *Heck* doctrine bars a plaintiff from maintaining a civil rights lawsuit based on any claim that would necessarily imply the invalidity of his criminal conviction or sentence, save when "the plaintiff can demonstrate that a conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994); *Okoro v. Callaghan*, 324 F.3d 488, 489-90 (7th Cir. 2003). Thus, the *Heck* doctrine bars Edwards from going forward with this lawsuit if it would necessarily imply the invalidity of his prison term, his supervised release term (part of his original sentence), or the conditions attached to his supervised release. See *United States v. Wyatt*, 102 F.3d 241, 245 (7th Cir. 1996) (noting that "supervised release is part of the defendant's original sentence").

Although Edwards does not expressly allege that he is challenging some aspect of his criminal conviction or sentence, his claim that he should have been exempt from any restrictions on his movement, and that it was a violation of due process for him to be subject to any such restrictions after the completion of his prison term, necessarily implies the invalidity of the court's modification order requiring that Edwards reside at the Salvation Army facility. See also *Easterling v. Siarnicki*, 435 Fed. Appx. 524, at *2 (7th Cir. May 6, 2011) ("Were Eaterling's claim of unlawful detention successful, it would necessarily imply the invalidity of his revoked supervised release * * *."). The term requiring him to reside at the Salvation Army facility was part of his sentence, and Edwards has not shown that this part of his sentence has been reversed, expunged, or otherwise declared invalid. Therefore, by challenging the conditions of his supervised release in this lawsuit, he is attempting to do exactly what *Heck* prohibits. See also *Williams v. Wisconsin,* 336 F.3d 576, 579-80 (7th Cir. 2003) (explaining that conditions of parole "define the perimeters of" confinement and thus challenges to particular conditions must be brought as habeas corpus petitions and not as civil suits under § 1983); *Savickas v. Walker*, 180 Fed.Appx. 592, 594 (7th Cir. 2006). The proper method for challenging a conviction or sentence is through direct appeal or collateral review. *United States v. Flagg*, 481 F.3d 946, 950 (7th Cir. 2007). Thus, Plaintiff may have been able to bring a habeas corpus action to challenge the collateral effects of the restrictions imposed during his time on supervised release, but the current lawsuit is without merit. **[FN 1]**

> **[FN 1]** The Court takes no position on the merits of any habeas claim, but notes that habeas actions have strict time limits and require prior exhaustion of federal remedies. 28 U.S.C. § 2255.

The Court thanks appointed counsel for his efforts on behalf of Mr. Edwards in this matter.

*[signature]*